The Chief Justice now delivered the following written opinion — -It will be unnecessary for this court to determine the many points growing out of the errors assigned in this case. There are two predominant errors, which vitiate all the subsequent proceedings.
First — -The submission (even if made by consent of both parties, which, from the record, does not clearly appear) is defective and void; because there is no statement of the matters of equity submitted; nor do the matters of equity submitted, appear in any way upon the record, If the submission had been general, the arbitrators could only have determined the title at law, which might have been tried in the ejectment. And in that case, the pleadings might have sufficiently shewn the matters in contest, But when the submission goes further, and embraces matteus in equity, beyond the suit; every reason which requires a statement of the matters submitted, where no suit is depending, applies with equal force to this case. For as to the matters of equity in dispute between the parties, there was no suit depending. They were not embraced by the ejectment, but were properly the subject of a new and different suit. If the matters in controversy are not set forth in the submission, or do hot appear by the previous pleadings in the cause, there is no foundation for the award — -See Smith vs. Cutright, May 1802 (a) — Blunt and Wife vs. Sproule, and wife, May 1803 (b) — -and Bice vs. Smock, October 1798. '
Secondly — -When the arbitrators had once executed their powers, by making and returning an award, their powers expired and were forever gone, without the express consent of both parties, to re^commit the matters in contest to them again.
The first award returned by the arbitrators being defective, the court, on the application of the plaintiffs, ought to have set it aside, together with the order of reference ; and should have placed the cause upon the (Jocket again, for trial. This not haying been dqne, al| *229 the subsequent proceedings were unauthorised by law, and are absolutely void.
Judgment reversed, with costs; cause remanded inferior court, and it directed to set aside the order of submission, and all subsequent proceedings ; and to enter up a judgment in favor of the plaintiffs, tor their costs, which accrued in that court subsequent to the return of the first award.

pr, Dec. *68.

¿) Pf. Dec, 260.